UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 1:20-cv-00854 |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| v. | |
| Fatboy Coolers, LLC | (1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| Gas Distribution Systems, Inc. d/b/a GDS Wholesale | (2) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| Defendants. | (3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (5) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (6) COMMON LAW UNFAIR COMPETITION; |
| | (7) COMMON LAW MISAPPROPRIATION; AND |
| | (8) UNJUST ENRICHMENT. |

**Jury Trial Demanded**

## COMPLAINT

In 2006, brothers Roy and Ryan Seiders founded YETI in Austin, Texas. The Driftwood, Texas natives have a passion for the outdoors, which led them to recognize a need for better coolers. YETI developed unique designs for its coolers, including its Roadie® and Tundra® coolers. YETI has invested substantial resources in designing, developing, manufacturing, marketing, advertising, and promoting its cooler products, and YETI owns rights in its cooler products, including in YETI's distinct designs.

Given its substantial investments, YETI takes seriously the need to protect its rights, and YETI strives to eliminate the consumer confusion that is likely to occur when others infringe YETI's rights by using YETI's designs (or colorable imitations thereof). That's what this case is about—Fatboy is selling cooler products that are confusingly similar to YETI's distinctive cooler designs. Fatboy's actions are likely to cause confusion among consumers about the affiliation, connection, and association of YETI with Fatboy. Fatboy's use of YETI's designs is also likely to dilute YETI's famous designs.  YETI and Fatboy are not affiliated, YETI does not sponsor or approve Fatboy products, and Fatboy must stop selling its infringing products.

YETI tried to resolve this dispute with Fatboy before bringing this lawsuit, including sending letters to Fatboy. Fatboy did not respond, and YETI therefore had no choice but to file this lawsuit.

Accordingly, Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Fatboy Coolers, LLC and GAS Distribution Systems, Inc. d/b/a GDS Wholesale (collectively, "Fatboy"), alleges as follows:

## The Parties

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.     On information and belief, Fatboy Coolers, LLC is a Wisconsin company having a principal place of business at 6919 Gogebic St., Three Lakes, WI, 54562.

3.     On information and belief, Gas Distribution Systems, Inc. d/b/a GDS Wholesale is Wisconsin company having a principal place of business at 6919 Gogebic St., Three Lakes, WI, 54562.

## Jurisdiction and Venue

4.     This is a complaint for damages and injunctive relief based on Fatboy's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of coolers, and includes multiple grounds for relief including trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"); federal common law; and state common law, including the law of Texas.

5.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.     This Court has personal jurisdiction over Fatboy because, *inter alia*, Fatboy is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Fatboy has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing

products to customers and/or potential customers, including in this District, at least through Fatboy's principal web sites, https://fatboycoolers.com/, https://www.facebook.com/fatboycoolers, and https://www.instagram.com/fatboy_coolers/, and Amazon, (ii) Fatboy's tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Fatboy acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Fatboy's customers and/or potential customers reside in the State of Texas, including in this District.

7.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

### General Allegations – YETI's Intellectual Property

8.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its Roadie® and Tundra® coolers, including, for example, the Roadie® 20 cooler, the Tundra® 35 cooler, the Tundra® 45 cooler, the Tundra® 65 cooler, the Tundra® 75 cooler, the Tundra® Haul® cooler, the Tundra® 105 cooler, and the Tundra® 110 cooler (collectively, "Roadie® and Tundra® Coolers").  YETI created unique, distinctive, and non-functional designs to use with YETI's Roadie® and Tundra® Coolers.  YETI has extensively and continuously promoted and used these designs in the United States and Texas. Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Roadie® and Tundra® Cooler products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns federal and common law trade dress rights relating to its Roadie® and Tundra® Cooler designs.

9.      YETI has enjoyed significant sales of its Roadie® and Tundra® Coolers throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Roadie® and Tundra® Coolers.  The designs and features of YETI's Roadie® and Tundra® Coolers have received widespread and unsolicited public attention.  For example, the Roadie® and Tundra® Coolers have been featured in numerous newspaper, magazine, and Internet articles.

10.      The designs of the Roadie® and Tundra® Coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® Coolers, YETI's marketing, advertising, and sales of the Roadie® and Tundra® Coolers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns common law trade dress rights in the designs and appearances of the Roadie® and Tundra® Coolers, which consumers have come to uniquely associate with YETI.

11.      Exemplary images of YETI's Roadie® and Tundra® Coolers are shown below:

**Illustration 1: Exemplary Images of YETI's Roadie® and Tundra® Coolers.**



**YETI Roadie® Cooler**



**YETI Tundra® 35 Cooler**



**YETI Tundra® 45 Cooler**



**YETI Tundra® 65 Cooler**

**YETI Tundra® 75 Cooler**

**YETI Tundra® Haul® Cooler**



**YETI Tundra® 105 Cooler**

**YETI Tundra® 110 Cooler**

12.    YETI has trade dress rights in the overall look, design, and appearance of its Roadie® and Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

13.     In short, as a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Roadie® and Tundra® Cooler products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

## General Allegations – Defendant's Unlawful Activities

14.     Fatboy has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including the rights protected by YETI's intellectual property.  Fatboy's infringing products are confusingly similar imitations of YETI's products.  Fatboy's actions have all been without the authorization of YETI.

15.     Fatboy's infringing hard cooler products include at least its Fatboy 10QT coolers, Fatboy 20QT coolers, Fatboy 45QT coolers, Fatboy 70QT wheeled coolers, Fatboy 75QT coolers, Fatboy 110QT coolers, and Fatboy 110QT wheeled coolers. Exemplary images of Fatboy's infringing hard cooler products are shown below:

**Illustration 2: Exemplary Images of Fatboy's Infringing Hard Cooler Products.**

**Fatboy 10QT Coolers**

**Fatboy 20QT Cooler**



**Fatboy 45QT Coolers**

**Fatboy 70QT Wheeled Cooler**

**Fatboy 75QT Cooler**



**Fatboy 110QT Coolers**

**Fatboy 110QT Wheeled Cooler**

16.     As a result of Fatboy's activities related to the infringing products, there is a likelihood of confusion between Fatboy and its products on the one hand, and YETI and its products on the other hand.

17.     YETI used its trade dress extensively and continuously before Fatboy began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.   Moreover, YETI's trade dress became famous and acquired secondary

meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Fatboy commenced its unlawful use of YETI's trade dress.

**Count I:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

18.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 17 as though fully set forth herein.

19.    Fatboy's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  Fatboy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Fatboy with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

20.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

21.    Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the

13

goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

22.     On information and belief, Fatboy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Fatboy's continuing disregard for YETI's rights.

23.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Fatboy's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count II:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

24.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25.     Based on the activities described above, including, for example, Fatboy's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Fatboy is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Fatboy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

26.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

27.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

28.     On information and belief, Fatboy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and Fatboy's continuing disregard for YETI's rights.

29.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Fatboy's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count III:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

30.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31.     Fatboy's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Fatboy has obtained an unfair advantage as compared to YETI through Fatboy's use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Fatboy's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

32.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

33.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the

goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

34.     On information and belief, Fatboy's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Fatboy's continuing disregard for YETI's rights.

35.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Fatboy's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

36.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37.     Based on the activities described above, including, for example, Fatboy's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Fatboy is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Fatboy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

38.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has

extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

39.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

40.     On information and belief, Fatboy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Fatboy's continuing disregard for YETI's rights.

41.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Fatboy's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

42.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43.     Fatboy's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Fatboy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

44.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with its infringing products.

45.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

46.     On information and belief, Fatboy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of it its infringing products to YETI's trade dress and Fatboy's continuing disregard for YETI's rights.

47.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Fatboy's profits, punitive damages, costs, and reasonable attorney fees.

### Count VI:
### Common Law Unfair Competition

48.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Fatboy's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Fatboy's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Fatboy's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Fatboy has also interfered with YETI's business.

50.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress

acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with t its heir infringing products.

51.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

52.     On information and belief, Fatboy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Fatboy's continuing disregard for YETI's rights.

53.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Fatboy's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Misappropriation

54.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55.     Fatboy's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

56.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Fatboy has wrongfully used YETI's trade dress and/or colorable imitations thereof in competition with YETI and gained a special advantage because Fatboy was not burdened with the expenses incurred by YETI.  Fatboy has commercially damaged YETI, at

least by causing consumer confusion as to origin, sponsorship, and/or affiliation of Fatboy's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

57.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress in connection with its infringing products.

58.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  Moreover, as a result of its misappropriation, Fatboy has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

59.     Fatboy's misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by

the similarity of its infringing products to YETI's trade dress and Fatboy's continuing disregard for YETI's rights.

60.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Fatboy's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Unjust Enrichment**

61.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62.     Fatboy's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Fatboy has wrongfully obtained benefits at YETI's expense.  Fatboy has also, *inter alia*, operated with an undue advantage.

63.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Fatboy has wrongfully used and its wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Fatboy has not been burdened with the expenses incurred by YETI, yet Fatboy is obtaining the resulting benefits for its own business and products.

64.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress

23

acquired this secondary meaning before Fatboy commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing products.

65.     Fatboy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Fatboy has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

66.     Fatboy's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Fatboy's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Fatboy's continuing disregard for YETI's rights.

67.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Fatboy's profits.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Fatboy has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false

designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Fatboy were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress and further acts of unfair competition, misappropriation, and unjust enrichment by Fatboy, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Fatboy to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Fatboy's possession or control, (iii) all plates, molds, and other means of making the infringing products in Fatboy's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Fatboy's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Fatboy to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Fatboy's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.      Such other and further relief as this Court deems just and proper.


Dated:  August 14, 2020                    Respectfully submitted,


                                           By: /s/ Joseph J. Berghammer
                                           Joseph J. Berghammer (admitted in the Western
                                           District of Texas)
                                           Illinois Bar No. 6273690
                                           jberghammer@bannerwitcoff.com
                                           Michael L. Krashin (admitted in the Western
                                           District of Texas)
                                           Illinois Bar No. 6286637
                                           mkrashin@bannerwitcoff.com
                                           John A. Webb, Jr. (admitted in the Western
                                           District of Texas)
                                           Illinois Bar No. 6321695
                                           jwebb@bannerwitcoff.com
                                           Banner & Witcoff, Ltd.
                                           71 South Wacker Drive
                                           Suite 3600
                                           Chicago, IL 60606
                                           Telephone: (312) 463-5000
                                           Facsimile: (312) 463-5001

                                           **ATTORNEYS FOR YETI COOLERS, LLC**